Houck, J.
This cause comes into this court on petition in error to reverse the judgment of the common pleas court. The parties here stand in reverse order from which they stood in the lower court, and hereafter will be referred to as they appeared there.
Plaintiff brought suit to recover damages for the death of her husband, alleged to have been caused by a vicious stallion owned by the defendant. The action was tried below to a jury, a verdict in favor of the plaintiff was returned, and a motion for a new trial was overruled and exceptions taken.
Numerous errors are set out in the petition in error, but counsel urged only two, namely:
1. That the trial judge erred in his general charge to the jury.
2. That the verdict and judgment are not sustained by the evidence and the law, and that the court erred in not sustaining defendant’s motion for a directed verdict.
Let us discuss briefly the first error relied upon by counsel for a reversal of the judgment entered below, where it is claimed the court erred in instructing the jury as follows:
“The negligence and carelessness recited in this petition, which it is claimed caused the death of Alberry, is the service of the mare in an open space, called the barn floor, in front of and in sight of other stallions, which were hitched in the stalls. It is claimed that that act, the serving of the mare, in front of these stallions, and near to them, caused them to become excited; caused them to become vicious; caused them to bite and kick, *338 and made the position or place of Alberry danger- ' dus.”
The court, in using the above language, was simply calling the attention of the jury to one of the claims of negligence charged in the petition, which, if standing alone, and if not further explained, might be construed, in effect, as instructing the jury that the proximate cause of the death of plaintiff’s decedent was as thus stated, and not otherwise. If such were the case, it would be misleading and prejudicial to the legal rights of the defendant; but an examination of the entire charge clearly explains the above statement and makes it applicable to the issues raised by the pleadings and the proven facts. The- error thus complained of is not well taken.
But how stands the claim as to the second ground of error, to-wit: Is the judgment supported by the evidence and law?
To properly answer this question necessitated a reading of all of the testimony and evidence, as ■contained in the bill of exceptions, which we have done.
The defendant’s answer, while making certain admissions, contained a general denial of all the other allegations, thereby casting the burden upon the plaintiff to maintain them by proper proof. Among the material allegations in the amended petition, which is denied in the answer of the defendant, is the following' averment:
“That Lester Pearl Alberry, while in said stable in the course of his said employment, was kicked and struck by one of said stallions in said stable, and so injured as to cause his death. That same *339 was the result of the negligence and careless acts and omissions of the defendant,” etc.
It will be conceded that the allegation “that one of said stallions kicked and. struck Lester Pearl Alberry” is a material statement, and that fact must be established by the evidence in the case, or plaintiff can not recover.
In a very careful reading of all the evidence in the case, as contained in the two hundred pages of typewritten matter, we have failed to find any evidence proving, or even tending to prove, the fact, as averred in the petition, that one of the stallions, owned by the defendant, kicked and struck the decedent, thereby causing his death.
We think the rule is well settled that where any evidence in support of a fact has been offered, and passed upon by a jury, or where the evidence is conflicting, or where different minds might arrive at different conclusions from it, and a jury has determined the fact, that a reviewing court will not interfere with such verdict. But in the case now before us, as to a material and necessary allegation of fact which must be established before a recovery can be had, there is an entire want of proof; there is nothing for the jury to pass upon, and in such cases, upon the filing of a proper motion, it is the duty of the trial judge to direct a verdict.
It is clear to us that we 'are fully justified in arriving at this conclusion by the decision in the case of Ellis & Morton v. Ohio Life Insurance & Trust Co., 4 Ohio St., 628, 647, in which Judge Ranney says:
“But where he [plaintiff] has given no evidence to establish a fact, without which the law does not permit a recovery, he has nothing to submit to' the *340 jury; and the determination of the court, that the fact constitutes an essential element in the right of action, necessarily ends the case.”
The same doctrine is announced in the fourth proposition of the syllabus in the case of Gibbs v. Village of Girard, 88 Ohio St., 34:
“A cause of action for damages brought against a village for negligence in the care of its sidewalks, by reason of which it is claimed planitiff was injured, presents a jury case if there is some evidence tending to prove every essential fact necessary to entitle plaintiff to recover.”
It will be observed in the case at bar that as to one of the essential and material facts necessary to entitle the plaintiff to a judgment there was no evidence offered tending to prove the allegation. It therefore follows that, applying the rule of law laid down by our supreme court in the cases cited above, there is prejudicial error in the record now under consideration.
The record discloses that at the close of the plaintiff’s evidence the defendant moved for a verdict thereon in his favor, which was overruled by ■the court and excepted to by defendant. After all the evidence was in, the defendant renewed his motion, which the court again overruled and the defendant excepted.
We are of the opinion that the court of common pleas erred to the prejudice of the defendant below in not sustaining said motion, and that the judgment in this case must be reversed.

Judgment reversed.

Powell and Shields, JJ., concur.