Houck, J.
This is an error proceeding, and is here from the common pleas court of Coshocton county, Ohio.
The suit is one to set aside a paper writing, which was admitted to probate in the probate court of Coshocton county as the last will and testament of Elizabeth Ross, deceased.
*341 The cause was submitted to a jury, and a verdict was returned sustaining the will.
To the overruling of a motion for a new trial, and the entering of judgment on the verdict by the trial judge, error is here prosecuted.
The claim of plaintiff is that the paper writing in question is not the last will and testament of Elizabeth Eoss, deceased, and the claim is predicated upon two grounds:
(a) Duress, undue influence, and coercion.
(b) Lack of sufficient mentality.
We have read the bill of exceptions and carefully examined and analyzed the testimony of each and all of the witnesses testifying in the trial below. We have given the charge of the court special attention, for the reason that learned counsel for the plaintiff in error make many complaints and charges of prejudicial error therein, which, they urge, affect the substantial rights of their client. We have carefully examined each and all of the claims set forth in the thirteen grounds of error set out in the petition in error, by reason of which it is sought to reverse the judgment of the common pleas court. However,' we deem it necessary to refer only to the following:
1. Did the trial judge err in instructing the jury that “There is no evidence of duress, coercion, or undue influence.” We find from a very careful reading of all the testimony offered in the case no evidence to sustain this claim of plaintiff in error.
It was the duty, in law, of the trial court, to submit these questions to the jury for their determination, if there was my evidence offered tending to prove the claims of duress, coercion or undue influence, or either of them. These are questions of fact for the determination of the jury, but if no evi *342 deuce was. offered to establish same, then there was nothing to submit to the jury as to them.) or either of them.
“Where the plaintiff offers no proof as to a material and necessary allegation of fact which must be established before recovery can be had, there is nothing for the jury to pass upon, and on proper motion it is the duty of the trial judge to direct a verdict for the defendant.” See second proposition of the syllabus, Gilmore v. Alberry, Admx., 11 Ohio App., 336.
2. Was it prejudicial error to charge the jury as follows: ,“The paper writing itself may be considered with all the other , evidence in the case, in determining whether the testatrix was of sound mind and memory.” •
We answer this inquiry in the negative. The will itself is. an important factor in aiding the jury to reach a proper conclusion as to the mental capacity of the testatrix at the time of. the execution of her will. ' The fact that a will is unjust, absurd, inequitable, does not, standing alone, prove the incapacity of the testatrix to make a last will and testament; yet we find-and. hold it to be an element of evidence for the jury to consider, as bearing upon the question of mentality, and therefore is proper to go to the jury to determine what weight, if any, shall be given it. .
3. Was the following charge erroneous:,
“If. Elizabeth Ross, at the time -she executed the paper writing,' had sufficient mind and memory to enable her to know and understand the extent of her property; her just relations; to the natural objects of her bounty; the business in which she was engaged? she was of sound mind and iriemory within the mean *343 ing of the law and possessed testamentary capacity. Testamentary capacity as used in these instructions is a rational understanding on the part of the testatrix at the time of making her will of the business she was engaged in; of the kind and value of the property devised; of the persons who were the natural objects of her bounty; and of the manner in which she wished to dispose of her property.”
It is insisted that this instruction is indefinite, misleading, and not applicable to the facts in the present case. We are not in accord with this criticism. The language used is clear, and there is no indefiniteness in it. It embodies all the necessary and proper elements defining testamentary capacity — the one question of fact to be passed upon and determined by the jury — and the proper determination of which is decisive of the case.
4. Dr. E. C. Carr was the only medical witness examined, and with reference to him the court said to the jury, “for whether the testimony of medical men is entitled to more weight than that of other witnesses is a question entirely with you.”
While it is true that a physician, by reason of his special training, may be and no doubt is better able than a layman to determine the nature and extent of physical and mental manifestations in a particular individual, yet, after all, the weight to be given such testimony is a matter for the jury, in the light of all the other evidence. Therefore, the testimony of the expert, like the evidence of every other witness, is to be considered by the jurors, who are to accord to it influence, much or little, and in such a degree as it appeals to their intélligent and impartial minds in view of all the facts and circumstances developed in the trial;
*344 5. It is seriously urged that the court was in error in underscoring the Latin phrase “prima facie,” and that the court also neglected and failed to define it to the jury and thereby caused the jury to believe that the probate of the will was of first and prime consideration and in effect changed the rule as to the degree of proof required to rebut the prima facie case made by the probate of the will.
The underscored phrase was not the work of the trial judge, but of the stenographer. There is nothing in the record showing that the written charge was seen or read by the jury, and therefore they could in no way have been prejudiced in the premises. We further hold that the phrase under consideration is of such common usage that it did not require special explanation to the jury. It will further be observed that counsel being present it was their duty if the trial judge omitted anything in his charge to the jury to call the court’s attention to such omission; and, not having done so, they cannot now properly complain.
“Where the Court inadvertently omits to charge in respect to certain matters, it is the duty of counsel to call the attention of the Court to such omission. And the omission to direct the jury must be in reference to a controlling question.” Clark v. Clark, 16 C. C., 103.
6. Complaint is made that certain lay witnesses were not permitted to testify as to the mental capacity of testatrix. An examination of the record discloses that the proper predicate had not been laid for such inquiry of such witnesses. A lay witness, who has theretofore given testimony upon which an opinion can reasonably be based, may give his opinion as to the soundness or unsoundness of mind of *345 the testator. But the witnesses in the present case not permitted to testify had not qualified, and therer fore were not within the rule, and their testimony was properly refused by the trial, judge,
7. Was the verdict against the weight of the evidence? The weight and sufficiency of the evidence are questions to be passed upon and determined .by the jury. A reviewing court is not authorized to set aside and hold for naught the verdict of a jury on the ground that their finding is against the weight of the evidence, unless upon a careful review of all the. evidence such court is fully satisfied that the verdict is clearly against the weight of the evidence. The jury saw the witnesses, and had an opportunity and did pass upon their credibility, their interest or lack of interest in the case, the reasonableness or unreasonableness of the facts to which they testified, and from all these found upon the facts in favor of the defendant in error.
This finding and the judgment thereon by the common pleas court will not be disturbed by us, because upon a most careful review of the whole case we are of the unanimous opinion that the judgment is sound in faet and law.
None of the alleged errors being of such a character as to warrant or authorize a reversal of the judgment below, the same is affirmed.

Judgment affirmed.

Shields and Patterson, JJ., concur;